# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD JOHNSON, SR.,** | : | **CIVIL ACTION NO. 1:03-CV-2087** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **JULIA K. HEARTHWAY, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 8th day of August, 2005, upon consideration of the report (Doc. 35) of the magistrate judge, to which objections were filed[1] (Doc. 36), recommending granting summary judgment in favor of defendants with respect to claims of retaliation, and following an independent review of the record, and it

---

[1] Counsel for plaintiff is reminded that objections must "specifically identify" the aspects of the report from which exception is taken.  See L.R. 72.3.

appearing that plaintiff has not demonstrated a genuine issue of material fact,[2] see G.F.L. Advantage Fund, Ltd. v. Colkitt, 272 F.3d 189, 199 (3d Cir. 2001) ("[The nonmoving party] cannot rest simply on the allegations in the pleadings, but must rely on affidavits, depositions, answers to interrogatories, or admissions on file."), or put forth evidence demonstrating that any protected conduct was a substantial or motivating factor in the alleged adverse employment action, see Suppan v. Dadonna, 203 F.3d 228, 234, (3d Cir. 2000) (stating that to succeed on a retaliation claim a plaintiff must demonstrate that "constitutionally protected conduct was a 'substantial' or 'motivating factor' in the relevant decision") (citation omitted); see

---

[2] The magistrate judge concluded, and the undersigned agrees, that plaintiff's statement of undisputed facts and brief in opposition to defendants' motion for summary judgment are fatally deficient in citation to evidence of record. See L.R. 56.1 ("Statements of material facts . . . shall include references to the parts of the record that support the statements. All material facts set forth . . . by the moving party will be deemed to be admitted unless controverted by the statement . . . by the opposing party."). Nor will the court countenance the attempt by counsel for plaintiff to elude this responsibility by "incorporat[ing] by reference" defendants' statement of material facts and "the exhibits of all parties." (See Doc. 30 at 2). It is counsel's—not the court's—responsibility to present his client's case and any evidence in support thereof. See United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (stating that counsel have an affirmative duty to proffer citations to relevant evidence); Elmore v. Clarion Univ. of Pa., 933 F. Supp. 1237, 1247 (M.D. Pa. 1996) (same), aff'd, 142 F.3d 427 (3d Cir. 1998); Carpenter v.. Vaughn, 888 F. Supp. 635, 647 (M.D. Pa. 1994) ("It is the litigants' role to present their case to the court, not vice versa."); Jacobson v. Comm. Med'l Ctr., No. 91-CV-0579, 1992 WL 398459 at *5 (M.D. Pa. Jul. 22, 1992) ("[T]he net effect of [failing to cite to evidence of record] is to put the Court in the position of having to do the parties' work for them. This Court has a full docket and plenty of work of its own without having to do the lawyers' job for them.") (citation omitted); cf. Hollister v. U.S. Postal Service, 2005 WL 1715777 at *1 (3d Cir. Jul. 25, 2005) (affirming trial court's deeming, under local rules, of motion to dismiss as unopposed where counsel failed to file brief in opposition).

also Ambrose v. Township of Robinson, 303 F.3d 488, 494 (3d Cir. 2002) (stating that employer must be aware of protected conduct for retaliation claim); Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001) (noting that temporal proximity between speech and alleged retaliation is relevant to causation), it is hereby ORDERED that:

1. The report (Doc. 35) of the magistrate judge is ADOPTED.

2. The Clerk of Court is directed to enter JUDGMENT in favor of defendants and against plaintiff.

3. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge